(99 South. 530)

No. 24290.

### SHAW v. SPLANE.

(March 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant ⬳211(2)—Abatement of rent for certain year properly refused where tenant harvested entire crop for year, and was not evicted until following winter.**

   In a suit, wherein a tenant of the partitioned property claimed abatement of rent for a certain year, a judgment rejecting the claim was proper where the evidence showed that the tenant harvested the entire crop for that year, and that he was not evicted from any part of the leased property until the following winter.

2. **Landlord and tenant ⬳211(1)—Amount of judgment abating rent held not erroneous.**

   Where the lessee made a claim of abatement of rent for a year, and the evidence showed that the tenant was evicted from 327 acres, that the entire plantation consisted of 685 acres, and that the rent was $1,350 per annum, a judgment abating the rent to the extent of $644.30 was not erroneous.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by Dr. James A. Shaw against Benjamin R. Splane. Judgment for defendant, and plaintiff appeals. Affirmed.

Morton H. Thompson, of Opelousas, for appellant.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellee.

155 LOUISIANA REPORTS

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. From the record it appears that Atwood Plantation, in St. Landry parish, belonged to the marital community existing between Benjamin R. Splane and Mrs. Eva Ford Splane, née Williams. Mrs. Splane died intestate in 1904, leaving three forced heirs, the issue of her marriage with Benjamin R. Splane, viz. a married daughter, Mrs. De Marco, and two minor sons, Benjamin R. Splane, Jr., and Lawrence Splane. Benjamin R. Splane, Sr., qualified as natural tutor to the minors, and on September 15, 1917, he leased the Atwood Plantation to Dr. James A. Shaw and Guy E. Harrison. In the contract of lease Benjamin R. Splane appeared and acted for himself individually and as the agent and attorney in fact of his daughter, Mrs. De Marco, and also as the natural tutor of the two minor children. The lease was for a term of three years, beginning January 1, 1918, and the consideration to be paid therefor was $1,350 per annum. About one month after the date of the lease Dr. Shaw purchased the right, title, and interest of Guy E. Harrison therein, and thereafter, on January 1, 1918, he took possession of the property. In 1919 the minor Benjamin R. Splane, Jr., was emancipated, and on June 8th of that year two partition suits were filed. In each of these suits a portion of the property which had been leased to Dr. Shaw was involved. The suits were instituted simultaneously, one of them by Benjamin R. Splane, Jr., the emancipated minor, and Benjamin R. Splane, Sr., against their co-owners, Mrs. De Marco and the minor Lawrence Splane, and the other by Benjamin R. Splane, Jr., against his co-owner Mrs. De Marco. Dr. Shaw intervened in both suits. He alleged disturbance, and prayed for a recognition of his lease and for the reservation of his right to recover such damages as might result from a partition of the property

and his eviction from any part thereof. The judgment in both suits ordered a partition in kind, recognized intervener's lease except in so far as it affected the two-sixths interest in the property which belonged to the two minors, and avoided the lease as to the interest of the minors. These judgments were signed on October 4, 1919. No appeal was taken, and pursuant to them the property was partitioned by act passed before Oscar J. Mistric on February 12, 1920. About two weeks thereafter the plaintiff filed this suit, in which he prays for an abatement of the rent for the year 1919, in the sum of $350; for an abatement of the rent for the year 1920 in the sum of $650; and for $3,500 as damages for his eviction from a part of the property held by him under the lease.

From a judgment abating the rent $644.30 for the year 1920, dismissing as of nonsuit plaintiff's demand for damages, and reserving to plaintiff the right to sue for such damages as resulted from his eviction from the land allotted to the two minors in the partition of the estate, the plaintiff has appealed.

Neither litigant has filed a brief, but both have submitted the case on the record.

[1, 2] The judgment appealed from dismisses plaintiff's demand for damages as of nonsuit because the allegations of the petition as to this demand are vague, general, and indefinite, and there is no proof in the record upon which to base a judgment awarding any specific amount of damages. The judgment rejects the demand for an abatement of the rent for the year 1919 because the evidence shows that the plaintiff harvested the entire crop for that year; that he was not evicted from any part of the leased property until the month of February, 1920, and no specific injury or damage is proven. It abates the rent $644.30 for 1920 because plaintiff was evicted from 327 acres of land during that year. Plaintiff leased the entire plantation, containing 685 acres, for $1,350

per annum, or a fraction less than $2 per acre. He was evicted from 327 acres, and a mathematical calculation shows that the sum allowed in the judgment is approximately correct. Finally, the judgment specially reserves to plaintiff the right to sue the defendant for all damages resulting from the loss of the use of the land from which he was evicted.

The case presents only questions of fact, and a reading of the record leads to the conclusion that the judgment of the lower court is correct in every respect; and it is therefore affirmed, at appellant's cost.